104 F.3d 365
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
DARNELL OTIS McGARY, Plaintiff-Appellant,
v.
Tana WOOD, Superintendent; Ron Van Boening, Assist.
Superintendent; Ron Knight, Correctional Pro. Manager;
Larry Sutton, Counselor CC-3; Dave La Ron Dale, PSW3;
Noonen, Grievance Coordinator; Bill Whipple, Correctional
Officer; Steve Hubbs, Correctional Officer; Bonds,
Correctional Officer; Renick, Correctional Officer;
Mitchel, Correctional Officer; Pivier, Correctional
Officer, Defendants-Appellees.
 No. 96-35279.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 16, 1996.*
Decided Dec. 20, 1996.
 
 Before: SNEED, TROTT, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Darnell Otis McGary, a Washington state prisoner, appeals pro se the district court's summary judgment in favor of defendants in McGary's 42 U.S.C. § 1983 action. McGary contends that defendants violated his civil rights when they: (1) subjected him to excessive force; (2) denied him adequate medical treatment; (3) labeled him a snitch and a child molester in front of other prisoners; (4) transferred him to the mental health unit without due process; and (5) subjected him to prison conditions that violated evolving standards of decency. We review de novo. McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir.1992). We have jurisdiction pursuant to 28 U.S.C. § 1291, and affirm.
 
 
 3
 In support of their summary judgment motion, defendants submitted evidence which indicated they used a reasonable amount of force against McGary after he attacked a prison guard and refused to comply with directions to cooperate. Defendants also submitted evidence in the form of affidavits and medical records which indicated that McGary was examined and treated on numerous occasions for his medical complaints. Finally, defendants submitted evidence that McGary's living quarters were strictly maintained pursuant to the prison's sanitation and cleanliness codes and that he was never labeled a snitch or child molester.
 
 
 4
 In his response to defendants' summary judgment motion, McGary failed to provide any admissible evidence that defendants' use of force either was unreasonable or that it was applied with a sufficiently culpable state of mind.[1] See Hudson v. McMillian, 503 U.S. 1, 6-7 (1992) (citation omitted). McGary also failed to submit any evidence showing a triable issue on his medical indifference, conditions of confinement or snitch claims. Accordingly, because the defendants' evidence is essentially undisputed, the district court did not err by granting summary judgment for defendants on these claims. See Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986) (stating that in order to withstand the defendants' motion for summary judgment, party "must go beyond the pleadings and by [his] own affidavits or by the depositions, answers to interrogatories, and admissions on file designate specific facts showing that there is a genuine issue for trial.").
 
 
 5
 Finally, we affirm the district court's ruling on McGary's due process claim arising from his transfer to the mental health unit within the prison. As the district court noted, McGary's transfer did not involve a move to a separate hospital, nor did it subject him to the use of involuntary medication or any type of behavior modification program. Cf. Vitek v. Jones, 445 U.S. 480 (1980). Moreover, there is no evidence that the transfer imposed an "atypical and significant hardship on [McGary] in relation to the ordinary incidents of prison life." See Sandin v. Conner, 115 S.Ct. 2293, 2300 (1996), (citing Washington v. Harper, 494 U.S. 210, 221-222 (1990)). Accordingly, the district court correctly determined that McGary's transfer did not involve a liberty interest that would have invoked procedural due process protections.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, McGary's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We agree with the district court that inmate Aiken's statement regarding conversations he overheard between guards and other inmates constituted hearsay evidence and therefore were insufficient to defeat defendants' summary judgment motion. See Fed.R.Civ.P. 56(e) (supporting evidence "shall set forth such facts as would be admissible in evidence"); see also Anheuser-Busch, Inc. v. Natural Beverage Distributors, 69 F.3d 337, 345 n. 4 (9th Cir.1995) (same)